Blais v. Clearwoods Camping          CV-02-554-JD   08/29/03
                    UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


Leon A. Blais

        v.                              Civil No. 02-554-JD
                                        Opinion No. 2003 DNH 148
Clearwoods Camping, Inc.


                              O R D E R


        The plaintiff, Leon A. Blais, proceeding pro se, brings

claims against Clearwoods Camping, Inc., arising from the

circumstances of Blais's lease of a campsite from Clearwoods,

doing business as Meredith Woods, and eviction proceedings

brought against him.  Clearwoods moves for summary judgment on

the ground that, based on the undisputed facts, Meredith Woods is

a recreational campground, not a manufactured housing park, so

that its actions were lawful.  Blais agrees that the material

facts are not disputed and that the dispositive issue is whether

Meredith Woods is a manufactured housing park under New Hampshire

law.[1]

_____

        [1]Although Blais is not specific as to why the issue is
dispositive, it appears that the actions which underlie the
claims in his complaint are lawful for campgrounds under
RSA 216-I but are not lawful for manufactured housing parks under
RSA 205-A.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When the material facts are undisputed, the court focuses on the legal issue as to the application of the New Hampshire statutes to the facts of the case. See Hardy v. Loon Mountain Recreation Corp., 276 F.3d 18, 20 (1st Cir. 2002).

## Background

The parties agree that Meredith Woods has 101 campsites of which seventy-five have campers with year-round permits. The campsites are occupied by a variety of camping structures. Eight sites have "Park Model" units, similar to Blais's unit, which are twelve feet wide with screened or glassed rooms attached. Two sites have slightly smaller similar units. The "Park Model" units are under 400 square feet. Campsites are leased under permit agreements that vary from one day to one year.

Blais rented space at Meredith Woods for three consecutive years under one-year camping permits. Blais lives in Rhode Island, not at Meredith Woods. He used his unit at Meredith

2

Woods for vacation. The camping permit prohibits year-round residency at Meredith Woods. Other than exempted employees of Meredith Woods, no one lives there year-round or claims the camp ground as their primary residence.

Beginning in 2002, Blais objected to the registration and fee requirements for guests at Meredith Woods. He removed his Park Model unit from the site at Meredith Woods before the beginning of the 2003 season.

## Discussion

Clearwoods contends that Meredith Woods is a campground regulated under New Hampshire Revised Statutes Annotated ("RSA") chapter 216-I. Blais contends that Meredith Woods is a manufactured housing park regulated under RSA chapter 205-A. The difference in the governing statutes gives rise to Blais's claims.

Under New Hampshire law, a manufactured housing park is land that accommodates two or more manufactured houses. RSA 205-A:1, II. Manufactured housing includes housing defined in RSA 674:31 and "any prefabricated dwelling unit which: (a) Is designed for long term and continuous residential occupancy; (b) Is designed to be moved on wheels, as a whole or in sections; and (c) On arrival on the site, is complete and ready for occupancy, except

3

for incidental unpacking, assembly, connection with utilities, and placing on support or permanent structure." RSA 205-A:1, I. RSA 674:31 adds to the definition certain size and structural requirements. Manufactured housing does not include campers or recreational vehicles. RSA 205-A:1, I.

In contrast, a recreational campground or camping park is land with two or more campsites for temporary occupancy for recreational purposes only and not for permanent year-round occupancy. RSA 216-I:1, VII. Such campsites may be occupied by a recreational camping cabin or a recreational vehicle. RSA 216-I:1, VII-a & VIII. A recreational camping cabin is a structure of 400 square feet, or less, that is located on a campsite, and that is not designed as a permanent dwelling. RSA 216-I:1, VII-a. The definition of recreational vehicle includes a recreational trailer which is 400 square feet, or less, and is designed primarily as a temporary dwelling for recreational or seasonal use. RSA 216-I:1, VIII(c).

RSA 205-A specifically excludes campers and recreational vehicles from the definition of manufactured housing. See Comeau v. Vergato, 823 A.2d 764, 765 (N.H. 2003). Based on the statutory definitions, campers and recreational vehicles must meet certain size and structural requirements and be designed and used only as temporary dwellings for travel, recreation, and

4

vacation purposes. Manufactured housing overlaps the size and structural requirements of campers and recreational vehicles but, in contrast, must be designed for "long term and continuous residential occupancy." RSA 205-A:1, I.

The Park Model units at Meredith Woods, including Blais's unit, meet the size and structural requirements of both manufactured housing and recreational vehicle. The units, however, were not designed or used as continuous, year-round, or permanent residences. Instead, they were temporary vacation residences for recreational uses. Blais acknowledges that the Park Model units were not designed or used as full-time or permanent residences.

As temporary, recreational units, the Park Model units are recreational vehicles as defined by RSA 216-I, VIII, which are exempted from the definition of manufactured housing. Therefore, based on the undisputed record in this case, Meredith Park is a recreational campground, governed by RSA 216-I, not a manufactured housing park, government by RSA 205-A.

Blais states that the sole issue in the case is whether Meredith Woods is a manufactured housing park. As that issue has been resolved against Blais, Clearwoods is entitled to summary judgment on all claims.

5

<u>Conclusion</u>

For the foregoing reasons, the defendant's motion for summary judgment (document no. 20) is granted as to all claims in the plaintiff's complaint.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

August 29, 2003

cc:  Leon A. Blais, pro se
     Tiffany A. Gillis, Esquire

6